U.S. COURT OF APPEALS FOR
DISTRICT OF COLUMBIA CIRCUIT

JUL 2 2 2005

RECEIVED HILL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA, U.S.
——————————— DIVISION

RUSSELL HILL

RUSSELL HILL LL3506
v.    SEQ. US HWY 61 north
FEDERAL JUDICIAL CENTER    woodville, ms
39669

**FILED**

AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF

NO. _____

DEFENDANTS

CASE NUMBER   1:05CV01567

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 08/03/2005

CASE RE-ASSIGNED
TO BATES
AUG 12 2005

_ _ _ _ _ _ _
_CompL_
‾ ‾ ‾ ‾ ‾ ‾

The "Plaintiff", Russell K. Hill, brings this suit against the Federal Judicial Center within the framework of the Administrative ("APA"), to challenge the final agency action of the Federal Judicial Center derived by deliberate failure to Respond to Plaintiff Hill's, "Request for Study of the Operation of the Fifth Circuit Courts of the United States on the part of Pro-Se Prisoner Litigants," and "Request for Public Information, Pro-Se," which denied Plaintiff the right of the effect of those request or the right to have the "Center" conduct Research and study of the Fifth Circuit Courts Jurisdiction on the part of the Plaintiff and Plaintiff Class of "Pro-Se Prisoner Litigants," as it pertains to the number and frequency of conflicts among the judicial circuits in interpreting the law that remain unresolved because they are not heard by the Supreme Court, which creates unfairness to Pro-Se Prisoner Litigants in the Fifth Circuits Jurisdiction, as in allowing Federal benefits in other circuits that are denied in the Fifth Circuits Jurisdiction, and submitt a report of those activities and such recommendations as the Board of the Federal Judicial Center may purpose for consideration to the Judicial Conference of the United States, Also, Plaintiff was

deprived of right to disclosure of information public interest that is likely to contribute significantly to public understanding of the operations or activities of the government.

## JURISDICTION

The threshold jurisdiction of the District Court is invoked pursuant to relevant statues 28 U.S.C.A. §§'s 620 and 623, 5 U.S.C.A. §552, 5 U.S.C.A. §702 and 28 U.S.C.A § 1331, as well as, U.S. Const. Amend 5 and 14.

## GRAVEMEN

The "Plaintiff", Russell K. Hill is a grieved because he has been adversely affected by agency action on the part of the Federal Judicial Center within the meaning of 28 U.S.C.A. §§'s 620 and 623, as well as, 5 U.S.C.A. §552, said agency failed to respond or act upon the Plaintiffs, "Request for Study of the Operation of the Fifth Circuit Courts of the United States on the part of Pro-Se Prisoner Litigants (supported by appended memorandum in support)" see Exhibit "A" [in part], and "Request for Public Information, Pro-Se" see Exhibit "B", forwarded via United States Mail to The Federal Judicial Center on or about February 25, 2005 (2/25/05).

The Plaintiff seeks vindication within "the zone of interest" protected or regulated by statues 28 U.S.C.A. §§'s 620 and 623, as well as, 5 U.S.C.A. §552, which confer standing to challenge the Federal Judicial Centers deliberate indifference for failure to respond to Plaintiffs Request. Such callous is

also in plain contravention of the constitutional guaranty of equitable standards and procedural due process, which are clearly liberty interest created by the Due Process Clause of the 5th Amendment of its own force, and the Equal Protection Clause of the 14th Amendment, on behalf of the Plaintiff and Plaintiff class of Pro-Se Prisoner Litigants.

The Plaintiff has a statutory and constitutionally protected "liberty interest to be free from denial of right for the Federal Judicial Center ("Center") to conduct research and study of the operation of the 5th Circuit Courts jurisdiction and to stimulate and coordinate such research and study on the part of the Plaintiff and Plaintiff Class of Pro-Se Litigants within the Realm of the Fifth Circuit. This liberty interest inferred by the statutory mandate of 28 U.S.C.A. §620(b)(1) satisfies the jurisdictional requirements of the Administrative Procedure Act ("APA") 5 U.S.C.A. §702, Right of Review.

Likewise, the Plaintiff has a statutory and constitutionally protected "liberty interest to be free from denial of right for the Center to develop and present for consideration by the Judicial Conference of the United States recommendations generated by Plaintiff's Request, for improvement of the administration and managment of the 5th Circuit Courts Jurisdiction of the United States. This liberty interest inferred by the statutory mandate of 28 U.S.C.A. §§'s 620(b)(2) and 623(a)(2), 623(a)(3), 623(a)(4), satisfies the jurisdictional requirements of the APA.

The Plaintiff also has a statutory and constitutionally protected "liberty interest to be free from denial of right for the Board of the Federal Judicial Center to Asses Plaintiff Request and possibly:

   1. Consider and recommend to both public and private agencies aspects of the operation of the Fifth Circuit Courts deemed worthy of special study,

28 U.S.C.A. § 623 (a)(6); and

2. transmitt to Congress and to the Attorney General of the United States copies of all Reports and Recommendations generated by Plaintiff request for study and submitted to the Judicial Conference of the United States, 28 U.S.C.A. §§'s 623(a)(6) and 623(b)."

Further, the Plaintiff has a statutory and constitutionally protected "liberty interest to be free from denial of public information or public record," such a liberty interest is inferred by the statutory mandate of 5 U.S.C.A. § 552 (a) and § 552 (a)(3)(A);(B);(C). The Plaintiff having submitted a "Request for Study of the Operation of the Fifth Circuit Courts of the United States on the part of Pro-Se Prisoner Litigants," and a "Request for Public Information, Pro-Se," to the Federal Judicial Center on or about 2/25/05, suffered severe actual prejudice due to the fact the Center failed to respond to his request, which deprived the Plaintiff of the effect of the submitted Requests. Thus, the failure to respond, which was a conscious decision from among various alternatives, amounts to a final decision or creates final agency action subject to judicial review pursuant to relevant statute and the Administrative Procedure Act. 5 U.S.C.A. § 702 and 28 U.S.C.A. § 1331, U.S. Const. Amend 5 and 14.

The Plaintiff, Russell K. Hill proceeds within the meaning of the APA and stresses, that the Rules for Redress under violations of procedural due process do not require exhaustion of administrative Remedies and the Plaintiff is deemed to have exhausted his administrative remedies due to the fact the Center failed to respond to the Plaintiffs Request or notify the Plaintiff of any agency determinations and the reason therefor, and of the right of Plaintiff to appeal any adverse determin-

ation to whatever superior authority appropriated to asses adverse determination. By all appearances the Center acted arbitrarily and capriciously with respect to the liberty interest in which the Plaintiff seeks vindication. In fact, the Center's failure to respond or act upon the Plaintiff's proper requests, deprived Plaintiff of Right to appeal any adverse determination and effectively became the end of the road for administrative pursuit of those requests and thereby rendered the Federal Judicial Center an ineffective means of protecting or regulating the Plaintiff's rights set forth in the relevant statues;due to the fact the failure to respond or act upon Plaintiff request effectively eliminated the appeal of any adverse determinations and the only remaining recourse was the grievence procedure of the Federal Judicial Center. Surely, a grievence for failure to respond or act upon a request, addressed to the Same agency that failed to respond would be an idiosyncracy. It is just not plausible to believe that such an edeavor would be effective.

The aforementioned unusual circumstances as specified serve to negate or waive any requirements herein for exhaustion of administrative remedies, because the Center never properly defined the procedure of administrative remedies to the Plaintiff, an unlearned Pro Se Litigant. If the Center had responded or acted upon the requests, failure to exhaust administrative remedies could have been a possible bar to suit. However, the Center's failure to respond or inform the Plaintiff (Pro-Se Litigant) of proper channels of appellate review of adverse determination in the matter, if any;waives all procedural bars to bringing suit, because suit stemmed from deliberate indifference to the needs of the Plaintiff and Plaintiff Class violative of due process, which rendered the Federal

Judicial Center an ineffective means to protect and Regulate the inherent Rights in question.

Secondly, with Respect to the Pro-Se Request for public information or agency Records, the Plaintiff is deemed to have exhausted administrative Remedies, due to the fact the Center failed to comply with the applicable time limits of 5 U.S.C.A. § 552 (a)(b)(A)(i), nor did the Center provide proper notification of adverse determination for purposes of exhaustion of administrative Remedies, not limited to, but including setting forth the names and titles or positions of each person Responsible for denial of said Requests. Which has blossomed into an ongoing hindrance, due to prejudice suffered during judicial Review of instant complaint conferred by 5 U.S.C.A. § 552(a)(4)(B). Thus, in accordance with the statutory mandate of 5 U.S.C.A. § 552(a)(6)(C)(i), the Plaintiff has exhausted administrative Remedies with Respect to the Request for public information and in all Regards herein. Besides, in most circuits the failure to exhaust administrative Remedies is an affirmative defense to be pleaded and proven by the defendants and is not a _sau sponte_ issue to be addressed in threshold pleadings.

The Plaintiff, Russell Hill asserts that from the outset of the case, _sub judice_, he has shown that the interests he seeks to vindicate pursuant to the provisions of the APA are arguably within the "zone of interest" to be protected or Regulated by the relevant statutes set forth, which clearly establishes subject matter jurisdiction of the district court. Here, the _prima facie_ showing establishes standing of Plaintiff to challenge the Center's failure to act or final agency decision,

primarily because the final agency action denied plaintiff the right to the effect of his request for a study, and denial of right to public information, which is plain contravention of statutory mandate that presents one of the extraordinary exceptions to finality requirements. Such final agency action permits "non-statutory" judicial review under the APA 5 U.S.C.A. § 704, because rights have been denied of which the finality doctrine is concerned. Thus, Plaintiff Hill would ask the District Court for expeditious administration of the business of the Courts and request the following relief:

    1) **Declaratory** — that the Federal Judicial Centers failure to act or respond violates federal law and the regulations.

    2) **Injunctive** — Requiring Federal Judicial Center to apply policies and procedures in accordance with applicable law.

Date 7/19/05       Respectfully Submitted

x _Darryl R. Hill_

Sworn and subscribed before me this 19 day of July 2005, A.D.

My Subscription Expires on:

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JAN. 30, 2009
BONDED THRU STEGALL NOTARY SERVICE

x _Augusta Andrews_

NOTARY

Russell. K. Hill  #L3506
CCA/WCCF
2999 U.S. Hwy. 61 North
Woodville, Ms. 39669

February 24, 2005

To: Federal Judicial Center
   ONE COLUMBUS CIRCLE, N.E.
   Washington, D.C. 20008



Re: Request for Study of the Operation of the Fifth Circuit Courts of the
United States on the Part of Pro-se Prisoner Litigants

Dear Sirs,
    I am agrieved that, by all appearances the Fifth Circuit Court has
become an ineffective means of protecting Pro-se Prisoner Litigants from
deliberate judicial misconduct by federal judges, designed to stop vindi-
cation of claims by pro-se prisoner litigants, in an atagonistic manner.
    I have filed several complaints in the Fifth Circuit Court; Russell
Hill v. Judge Charles W. Pickering, No. 04-05-372-0088 , Russell
Hill v. Judge Louis Guirda, No. 05-05-372-0007 , Russell Hill v.
Judge Dan M. Russell, Jr., No. 05-05-372-0013 and Russell Hill v. Judge
James C. Sumner, No. 05-05-372-0087 . The Chief Judge of the
Fifth Circuit dismissed each case with the same bureaucratic answer
and the Judicial Counsel has affirmed two decisions, leaving two
petitions for Review pending before the Judicial Counsil; including
sanctions imposed upon myself by the Chief Judge for alleged abuse

**FILED**

05 1567    AUG - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

of the Complaint Procedure.

In complaint No. 04-05-372-0088, I showed that Charles Pickering, Sr., willingly violated 28 U.S.C. § 144, 18 U.S.C. § 201, 18 U.S.C. § 241, and committed several overt acts in an overall conspiracy to cover up the falsifying of indictments in the 15th Judicial Court District of Mississippi (which are currently being addressed in U.S.D.C. Miss. 3:04-CV-346.)

It was also mentioned in that complaint that King Chief Judge, Higginbotham and Barksdale Circuit Judges were willfull participants in the overall scheme.

However, the Chief Judge dismissed the complaint under 28 U.S.C. § 352 (b)(1)(A)(ii) and (iii), as frivilous. Question: How can it be frivilous for a federal (Judge) to willfully break the law then administer what is called justice upon the citizenry for breaking the Law; without it being defined as hypocricy?

Under current trend analysis the Fifth Circuit has Failed to even maintain the appearance of justice, how can one in good faith say that a judges willful violation of Federal law to stop a prevailing party, does not effect the expeditious administration of the Court's business. Failure to ascertain responsibility in these matters is deliberately indifference to the needs of the American citizenry, which amounts to operational negligence on behalf of Fifth Circuit Officials.

Each of these complaints exhibited obvious willfull violations of federal law. In Russell Hill v. U.S. Dist. Judge Louis Guirola, No. 05-05-372-0007, I complained that Louis Guirola was plainly incompetent, mentally impaired or proceeds under overtones of prejudice when he blatently dismissed my claim for failing to prosecute or respond to

2

court orders and motions because all the required responses to the Court's directives and to the defendants motions were actually on file in the court and permanently in record. All the proceedings the judge claimed I failed to enter a response in, when he dismissed the case, I provided to the Chief Judge stamped filed by the U.S. District Court. This made it blatantly obvious that Judge Guirola made this ruling to stop myself (a pro-se litigant) from prevailing in the claim.

However, Chief Judge King declared this unorthodox behavior to relate directly to the merits of the Judges decision and dismissed the complaint under 28 U.S.C. § 352 (b)(1)(A)(ii). I beg to differ, the blatant disregard for the rights of a party by any judge of the court invokes Constitutional protections under the Equal Protection Clause that overrides any judicial cloke the judge may have been clothed with, because his actions are clearly unconstitutional. After all, the court is a tool of justice for all, and not a tool for the politics of a few. Judge Guirola's actions are hypocritical to his oath under 28 U.S.C. § 453 to administer justice to the rich and poor alike.

Judge Guirola also violated 28 U.S.C. § 144, 18 U.S.C. § 241 and is suspected of a violation of 18 U.S.C. § 201, but the Fifth Circuit condones this behavior. This behavior also eventually led to a violation of 28 U.S.C. § 45 by Judge Guirola, who denied an appeal by Hill under F.R.C.P. 74+75 to the District Judge. Guirola was the magistrate that rendered the decision appealed, and then as District Judge denied or ruled in the appeal of that decision. <u>Question</u>: Where do we draw the line, or is the sky the limit, to defeat pro-se prisoners whose class should have no bearing on the outcome of the proceedings?

In complaint: Russell Hill v. Judge Dan M. Russell, Jr., No: 05-05-372-0013, Judge Russell refused to recusal himself under the

requirements of 28 U.S.C. §144, but instead used chicanery in a blatant stand against the constitutional scheme utilized by Hill/Plaintiff, while expressing pure antagonism against Hill. However, the fact that Hill expressed on party affidavit that Judge Russell conspired with Judge Pickering as an overt act in the overall conspiracy to cover up the falsifying of indictments in the 15th Judicial Court District of Mississippi, (which officers of the F.B.I. have also refused to investigate (2:04-cv-346).) And the outright violation of federal law, the Chief Judge gave the same bureaucratic answer that the complaint relates directly to the merits of the judges decision and dismissed the complaint under 28 U.S.C. §352 (b)(1)(A)(ii). The character of Judge Russell's actions reflects antagonism for a specific class that should reach interest beyond the particular parties in the complaint, interest the Chief Judge is obligated to protect.

In complaint: Russell Hill v. Judge James C. Sumner No. 05-05-372-0021, I complained that at "Spears Hearing" on 12/8/04 that:

"When Judge Sumner entered the court he began by explaining that he had been appointed to hear the case. Judge Sumner then asked Hill if he wanted a trial by magistrate or by jury, and there was no need for a jury, because there are no witnesses in the case. Hill chose a bench trial. Judge Sumner then stated, "we have been discussing your case....;" Hill then asked that," If the defendants disagree to bench trial ....," Sumner then interrupted to say," I know they would agree without asking." The Special Attorney General assigned to the case signed the waiver for jury trial and never said a word. This amounts to ex-parte communication that deprived Hill of an impartial adjudicator,

4.

"and any jurist of reason would question Judge Sumners Impartiality."

The Chief Judge dismissed the complaint and stated, "Hill offers no evidence to support his allegations. Such conclusory assertions are insufficient to support a complaint of judicial misconduct. The complaint is therefore subject to dismissal under 28 U.S.C. 8352 (b)(1)(A)(iii)." "In other words the complaint was frivilous. The pictoral language here is clear, that a conspiracy to change the transcripts of that "Spears Hearing" was already in place.

Here the Chief Judge was deliberately indifferent to the risk that Hill had suffered prejudice due to callous behavior of officials within her supervisory powers that deprived him of Equal Protection of Law, which is clearly unconstitutional. This is clearly a case of deliberate indifference to Hill's guaranteed constitutional need.

It is obvious that a sharp conflict has arisen and Hill alleges that the Fifth Circuit has been an ineffective means of protecting the rights of the citizenry, especially the part of the citizenry convicted of crimes, because of a compromise of the structural protections designed by legislative planners to safeguard public interest or prevent constitutional deprivations by agents of the government. The complaints provided indisputable evidence that federal judges willfully and deliberately violated federal law in antagonistic efforts to discriminate against pro-se prisoners litigants, while perverting justice in this, a [maturing] society.

It is not a matter of judicial related decisions, but rather a matter of high standards of conduct when a federal judge willfully violates federal law to fashion a decision to advance the interest of a particular party, while preventing a particular

5.

class from prevailing. After all, even though the highest of the highest regard and fudiciary responsibilities are mythical; by all appearances it has always been a matter of fidelity to maintain the "appearance of justice." Here, all is forsaken and the Fifth Circuit has no restraint on it's unbridled hatred for pro-se prisoner litigants. I have only discussed civil issues, I could show you somethings concerning my criminal cases, even you probably wouldn't believe.

The umbrella of the Fifth Circuit is the true "Constitutional Caos", but then again, Former Judge Adrew P. Napolitana's voice concerning the government breaking laws and abusing Constitutional power, and the recent dismissal of law suits by seven foreigners held at the U.S. Military Supreme Court said last June that the 550 detainees at Guantanamo could file lawsuits in U.S. Courts to challenge their detentions, tends to suggest the window of lack of respect for authority and domineering opinions is much broader than the Fifth Circuit. Obviously the failure to impliment disciplinary measures against such callous behavior of Sanctions by its superiors, which is directly proportional to no respect for precedent established by superiors. Anyone who truthfully evaluates the American Justice System can clearly say there is no respect for Supreme Court Mandate or precedent, unless it is pro-government and anti-accused. The old fashioned and unrealistic view that judges interpret the Constitution and clearly established Supreme Court Precedent to render a fair and just decision, can now be realized by the few that were nieve, to be the biggest untruth in America.

The truth is that the Supreme authority (mankind) has lost it's grip and partison policies reignes supreme in the American Court System. For instance, the Supreme Court held in <u>Miller-EL v. Cockrell, 537 U.S. 322 (2003)</u>

that the Certificate of Appealibility (COA) standards utilized by the Fifth Circuit were too strict, however, the Supreme Court made no recomendations for correcting the policies, nor did the Fifth Circuit make any effort to correct its deficient standards. Since that time I personally have been denied two (2) COA's (2:03-cv-248 and 2:03-cv-492).

There are several areas of deficiency in 5th Circuit Jurisprudence that conflicts with other judicial circuits in interpreting the law that remain unresolved because they are not heard by the Supreme Court, thereby, creating unfairness to pro-se litigants in the Fifth Circuit, as in allowing federal benefits in other circuits that are denied in the Fifth Circuit. For instance, this is the Fifth Circuits definition of exhaustion of state remedies:

"... If Petitioner wishes to proceed in federal court, he needs to furnish proof that his direct appeal is no longer pending in State Court and that he has filed for habeas corpus in the State Court and that that action has been terminated. That is what is meant by exhaustion of State Remedies. This last paragraph is added to try to assist petitioner in understanding what he is apparently attempting to do." See Exhibit "A"

This opinion was issued in Habeas Proceeding No: 2:03-cv-248 P.G. in the U.S. District Court of Mississippi, Southern District, Hattiesburg Devision and the question of the veracity of this definition was raised in a Habeas Petition before the United States Supreme Court which the court declined to hear or denied without opinion, either amounts to operational negligence, because it is obvious that this definition of exhaustion of state remedies is clearly unconstitutional. This and many

7

other facts were addressed in Habeas Petition No. 04-6130 filed in the Supreme Court on 8/26/04 (see Exhibit "B") but not heard by the court.

A conflict has arisen concerning the administration of the Fifth Circuit Rules Governing Complaints of Judicial Misconduct or Disability and a question raised as to whether the Fifth Circuit has become an in-effective means of protecting the rights of pro-prisoners. Also, the overall operation of the Fifth Circuit is under reasonable scrutiny, due to "COA" standards, exhaustion of state remedies standards diminis injury standards...., all of which are further articulated upon with particularity in the appended Memorandum in Support of Request for Study of Circuit Practices and Study of Inter-circuit Conflicts and Structural Alternatives for Court of Appeals by Federal Judicial Center.

Therefore, at this time I, Russell Hill #L35016, a pro-se prisoner litigant in the State of Mississippi would submit this: <u>Request for Study of Fifth Circuit Court Practices and Study of Inter-circuit Conflicts and Structural Alternatives for Court of Appeals by Federal Judicial Center</u>. Hill would ask that the request for a study and the appended Memorandum in support be submitted to Congress and the Judicial Conference of the United States immediatly for consideration in preservation of the verity of structural protections for pro-se prisoner litigants which have suffered severe prejudice due to the operational negligence of Fifth Circuit Officials. Hill requests this submission of request pursuant to the ministerial duties of the Board of the Federal Judicial Center, statutorily mandated under the provisions of 28 U.S.C. 88's 620 and 623, not limited to but including the enclosed request for oral hearing before Congress and the Judicial Conference of the United States and its committies.

Especially, desired is the opportunity to orate concerning the Rules

Governing Complaints of Judicial Misconduct or Disability which are designed to further the development and adoption of improved Judicial administration in the Fifth Circuit Court, while preventing the compromise of basic structural protections afforded litigants in the Constitutional scheme of this nation, rich and poor alike; and the fact that the Chief Judge of the Fifth Circuit and the Judicial Counsel of the Fifth Circuit allege that the complaint process does not make provision to discipline federal judges that willfully, with deliberate intent, violate federal laws with pure antagonism towards a particular class, to prevent that particular class from prevailing on redress in pursuit of vindication, and to create on recommendations for improvement of the administration and management of the Courts of the United States; specifically the need for the Supreme Court to govern its own and reestablish a firm hand in the judicial process, as well as, the possibility of establishing a strict appellate review court under the tutelage of the Supreme Court, minus the authority to change precedent, but only loyal, strict interpreters of current constitutional provisions and Supreme Court precedent, whose job would not be to resolve conflicts between circuits, but rather to review writs of habeas, mandamus, or any other extraordinary writs that only require strict interpretations of current law; such a subordinate court could eliminate such gross miscarriages of justice as that suffered by myself on Habeas to the Supreme Court No: 04-6130. After all, the increase in population and number of filings warrant some type of compensation to ensure the structural protections of the [E]ntire Citizenry are maintained.

Hill would submit this request for a study and ask that the study be conducted in the similitude of a previous study cond-

ucted over a decade ago, denominated; <u>Study of Intercircuit con-flicts and Structural Alternatives for Courts of Appeal by Federal Judicial Center</u>, Pub. L. 101-650, Title III, § 302, Dec. 1, 1990, 104 Stat. 5104, as amended Pub. L. 102-572, Title IV, § 502 (c), Oct. 29, 1992, 106 Stat. 4513.

Hill requests that the study of 5th Circuit Court Practices provide that:

"(A) <u>Fifth Circuit Court Practices</u> — The Board of the Federal Judicial Center is requested to conduct a study and submit to Congress a report of current standards or practices of the Fifth Circuit that does not comply with current guidelines and Supreme Court Precedence.

(b) <u>Factors Considered In Study</u> — In Conducting such a study, the Center should consider, to the extent feasible, all relevents factors such as whether the proof is evident and the presumption great that certain standards and practices utilized by the 5th Circuit Courts Appellate jurisdiction are clearly unconstitutional, not limited to but including —

① Interpretation and application of Rules Governing complaints of Judicial Misconduct or Disability

② Interpretation and application of Rules Governing the Exhaustion of State Remedies, to include futility doctrine

③ Standards for issuance of Certificate of Appealibility.

④ Standards for diminus injury

⑤ Abuse of <u>Heck v. Humphrey</u> standards and assesment of "strikes"

⑥ Flagrant abuse of 28 U.S.C. 8636 or non-compliance with pre-cedent established in <u>Porter v. Nussels</u>

⑦ Application of equal standards to rich and poor alike.

⑧ Standards of construing pro-se filings liberally,...

⑨ Cost imposed on pro-se litigants to appeal clearly erroneous decisions designed to impede pro-se litigants vindication on redress, by antagonistic judges

(c) <u>Intercircuit Conflicts</u> - The Board of the Federal Judicial Center is requested to conduct a study and submit to the Congress a report, on the number and frequency of conflicts among the judicial circuits in interpreting the law that remain unresolved because they are not heard by the Supreme Court.

(d) <u>Factors to Consider in study of Intercircuit Conflicts</u> - In Conducting such a study, the Center should consider, to the extant feasible, all revelant factors, such as whether the conflict:

(1) Creates unfairness to litigants in different circuits or in allowing Federal benefits in one circuit that are denied in the

Fifth Circuit; or

(2) encourages non-acquiesence by Federal agencies in holding of the court of appeals for different circuits,

but is unlikely to be resolved by the Supreme Court.

(e) <u>Structural Alternatives for the Courts of Appeals</u> - The Board of the Federal Judicial Center is requested to study the full range of structural alternatives for the Federal Courts of Appeals and submit a report on the study to congress and the Judicial Conference of the United States.

(f) <u>Amicus Curiae</u> - The Board of the Federal Judicial Center is requested to contract with and compensate government and private agencies or persons for research projects and other services, pursuant to 28 U.S.C. 8 624 (3), and to delegate such contract Authority to the Director of the Federal Judicial Center who is thereby empowered to exercise such delegated authority.

(1) Hill would specifically request that the Board of the Federal Judicial Center solicit an appearance or active participation on the investigative committee by Fox News Legal Analyst and former Federal Judge in the Northwestern District of New Jersey, Judge Andrew P. Napalitana (author of Constitutional Chaos, What happens when the Government breaks the Law.)

17

(9) <u>Review of Information</u> - The Board of the Federal Judicial Center is requested to request from any Department, agency or independent instrumentality of the government any information it deems necessary to the performance of the functions of the Federal Judicial Center in accordance with the provisions of 28 U.S.C. § 624 (2), not limited to, but including —

(A) <u>Fifth Circuit Judicial Misconduct Complaints</u>:

(1) Russell Hill v. Charles W. Pickering, Sr., No: 04-05-372-0088

(2) Russell Hill v. Judge Louis Guirola, Jr., No: 05-05-372-0007

(3) Russell Hill v. Judge Dan M. Russell, Jr., No: 05-05-372-0013

(4) Russell Hill v. Judge James C. Sumner, Jr., No: 05-05-372-0027

(B) <u>Civil Cases in United States District Court, Mississippi</u>:

(1) Russell Hill v. Haley Barbour, No. 3:05-cv-0018 WSU

(2) Russell Hill v. Charles W. Pickering, No. 2:04-cv-346 DMR

(3) Russell Hill v. Christopher Epps, No. 4:04-cv-332

(4) Russell Hill v. Haley Barbour, No. 3:04-cv-573 BN

(5) Russell Hill v. Betty Sephton, No. 3:04-cv-580 WSU

(6) Russell Hill v. Ms. Board of Shorthand Recorders, No. 3:04-cv-596 WSU

(7) Russell Hill v. Marvin Breazeale, No. 2:03-cv-123

(8) Russell Hill v. Warden Kelley (Habeas), No. 2:03-cv-246
   Fifth Circuit Appeal No:
   Fifth Circuit Appeal No:

(9) Russell Hill v. Warden Dolan Waller (Habeas), No. 2:03-cv-492
   Fifth Circuit Appeal No:

(10) Russell Hill v. Scott Schwartz, No. 2:02-cv-743 PG
   Fifth Circuit Appeal No:

(11) Russell Hill v. City of Purvis, et.al.; No. 2:02cv 827

(12) Russell Hill v. Marvin Breazeale, et.al, No. 2:02-cv-2164

(13) Russell Hill v. Robert Mingo, et.al., No. 2:02-cv-384 KS-RHW

(14) Russell Hill v. Joe Mingo, No. 2:02-cv-30 PG

## Fifth Circuit Court of Appeals

(1) Russell Hill v. Scott Schwartz, et.al., No:

(2) Russell Hill v. Lawrence Kelly, No.

(3) Russell Hill v. Lawrence Kelly, No.

(4) Russell Hill v. Marvin Breazeale, et. al., No.

(5) Russell Hill v. Ms. Board of Shorthand Recorders, et. al., No.

(6) Christopher Epps

(7) Petition for Writ of Prohibition and Mandamus, No.

## U.S. Supreme Court

1) Petition for Extra-Ordinary Writ and Writ of Habeas Corpus No.

## Mississippi Court of Appeals

1) Armed Robbery - Appeal No. 2003-KA-00007-COA consolidated with, Burglary - Appeal No. 2003 KA-00730-COA, even though two seperate trials stemming from seperate and un related courses of conduct See Exhibit "__"

## Memorandum in Support of Request for Study

1) Appended in this original filing.

<u>Conclusion</u>

WHEREFORE PREMISES CONSIDERED, the Petitioner / Russell Hill would request an investigation or probe into current Fifth Circuit Practices on behalf of pro-se prisoner litigants under the Appellate Jurisdiction of the Fifth Circuit, in preservation of basic structural protections of the Constitutional scheme of this Nation. By all appearances the Fifth Circuit has become an ineffective means to protect the verity of pro-se prisoner litigants constitutional guaranty from reactionary judges bent on rolling back Constitutional rights in an antagonistic effort to prevent pro-se prisoner litigants from prevailing in redress of Constitutional infractions in Federal Courts. Trend Analysis of the conduct of Federal Judges under the light of equitable standards of litigation in adversarial proceedings, in the aforementioned filings alone will reflect pure antagonism for pro-se prisoner litigants and favoritism for corrupt government officials, which resulted in several overt acts in an overall conspiracy to cover up the falsifying of indictments in the 15th Judicial Court District of Mississippi (2:04-cv-346 and 2:02-cv-827). There are several deliberate violations of federal law by Federal Judges in conspiracy with staff officials to deprive Hill, a pro-se prisoner litigant, of equal protection of laws violative of Title 18 U.S.C. §241. Such actions should be actionable by indictments under Title 18 U.S.C. §§'s 241 and 201, however, no one will take the "little guy" seriously, as things stand now the corrupt officials laugh me to scorn. That's O.K. because that puts me in good company, and he who laughs first, very seldom laughs last.

In addition to the preceeding request for a Study of Fifth

Circuit practices, I would also ask for a study on behalf of pro se prisoner litigants of Intercircuit Conflicts and Structural Alternatives for Courts of Appeals by the Federal Judicial Center, as previously discussed and further elaborated on with particularity in the emmended Memorandum in Support of requested studies.

Date: 2/24/05

Respectfully Submitted,

Russell R. Hill

I declare under penalty of perjury the foregoing is true and correct. 28 U.S.C. § 1746.

Date: 2/24/05

Russell R. Hill
Petitioner/Affiant
Russell K. Hill  # L3506

SWORN TO AND SUBSCRIBED before me this 24 day of February, 2005.

MY COMMISSION EXPIRES:
MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JAN. 30, 2009
BONDED THRU STEGALL NOTARY SERVICE

Augusta Andrews
Notary Public