UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HILL

    Plaintiff

v.

FEDERAL JUDICIAL CENTER

    Defendants

Civil Action No. 05 1567 UMA

**FILED**

AUG 1 8 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## MOTION FOR RECONSIDERATION

The "Plaintiff," Russell would move the District Court to reconsider the final decision filed 8/3/05, which dismissed the claims herein for failure to state a claim upon which relief can be granted, and for good cause would show the following:

1.) The U.S. District Court failed **preserve the** Plaintiff's right to amend complaint to **cure** particularized deficiencies, upon grant of <u>in forma pauperis</u> status in accordance with F.R.Civ.P. 12(b)(6), prior to dismissal of claims pursuant to 28 U.S.C. § 1915(A)(b)(1).

2.) The U.S. District Court failed to assess whether public right of access exist to the agency documents sought, prior to dismissal **the court**

should have first decided whether document sought is public Record, and if yes, court should have determined whether documents were subject to the common law right of access, due to the general public interest in the openness of governmental processes.

3) Had the Plaintiff's Right to amend complaint been preserved, the Plaintiff could have easily demonstrated that the common law right of access to public documents entitled Plaintiff to inspection of the Federal Judicial Center Records Requested; because the common law right extends to public Records, see Schwartz v. Dept. of Justice 435 F.Supp 1303, 1304 (D.D.C. 1977) aff'd 595 F.2d 888 (D.C. Cir 1979), and no specific interest favoring secrecy outweighs the general and specific interest favoring disclosure. Should the court proceed to balance the governments interest in keeping the requested documents secret against the created general public interests as they relate to, "unfairness to litigants in different circuits, as in allowing Federal benefits in one circuit that are denied in other circuits," the court could decide that the Requested documents are subject to the common law right to access, due to the general public interest in the openness of governmental processes.

4) Plaintiff could have easily redirected his claim under the Federal Advisory Committee Act (F.A.C.A) 5 U.S.C App. 2, which requires that "advisory committees" such as the Board of the Federal Judicial Center make their documents available for public inspection, id at §10(b). The

Board of the Federal Judicial Center's composition and activities qualifies the board as an "advisory committee" under FACA, because it is establish by statue to "... cooperate with and assist agencies of the Federal Government and other appropriate organizations in providing information and [a]dvice to further improvement in the administration of justice..... 98 U.S.C §§ 620(b)(2) and 620(b)(6). Also, the Board's recommendations are utilized by the President and one or more agencies or officers of the Federal Government; such as, the Department of Justice, which without dispute is an "agency" for purposes of F.O.I.A. and F.A.C.A., as well as, the Director of the Federal Judicial Center, whose responsibilities include the supervision of the activities of persons employed by the Center and perform duties assigned to him by the Board, giving rise to liability under "Bivens" for the conduct of his employees for deliberate indifference for failure to respond, in this prospective claim for declaratory and injunctive Relief.

Clearly, there are no jurisdictional hurdles to bringing this prospective claim for declaratory and injunctive Relief against the United States, the Department of Justice, or the Director of the Federal Judicial Center, especially since the Plaintiff exhausted administrative remedies with respect to the Request for public information in accordance with the statutory mandate of the F.O.I.A 5 U.S.C.A. § 552(a)(6)(C)(i), due to the fact the Center failed to respond, or comply with the applicable time limits of F.O.I.A, 5 U.S.C.A § 552(a)(6)(A)(i).

5) The U.S. District Court erred in dismissal of claim without first addressing the fact that the Plaintiff also asserted he suffered constitutional deprivation by the Center's failure to respond to his request, in that the Plaintiff requested a "Study of Fifth Circuit Court Jurisdictional Practices," on behalf of the "public class" of Pro-se Prisoner Litigants.

WHEREFORE PREMISES CONSIDERED, Plaintiff Russell Hill would ask the District Court to reinstate the instant claim in preservation of Plaintiff's Right to amend complaint under F.R.Civ.P. 12(b)(6) for survival of claim, in Recognition of fact that there are several avenues of pursuit for the survival of claim that have an arguable basis in fact and law. Thus Plaintiff Hill would ask the Court to specifically articulate upon the deficiencies in the complaint in preservation of effective, adequate, and meaningful access to the Courts, and Reinstatement of the claim[s] herein under F.R.Civ.P. 12(b)(6) with instructions to amend the particularized deficiencies noted, to ensure sufficient evaluation of Plaintiff's Request for the Federal Judicial Center documents under the common law Right of access to public Records, and all other applicable standards of Review.

Date 8/12/05

Respectfully Submitted

x _Russell R. Hill_

4 of 4