# United States Court of Appeals
### For The District Of Columbia Circuit

**No. 06-5356**          **September Term, 2006**

05cv01567

Russell Hill,
    Appellant

v.

The Federal Judicial Center,
    Appellee



MANDATE

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 7, 5, 07

BY: _____ Deputy Clerk

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  MAY 1 4 2007

CLERK

**BEFORE:**  Rogers, Brown, and Kavanaugh, Circuit Judges

FILED
JUL 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**J U D G M E N T**

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

    **ORDERED AND ADJUDGED** that the district court's order entered on August 8, 2005, dismissing the complaint for failure to state a claim, and the order entered September 22, 2006, denying appellant's Fed. R. Civ. P. 59(e) motion, be vacated.

    In his Rule 59(e) motion, appellant requested reconsideration of the district court's decision to dismiss his complaint sua sponte without providing him an opportunity to amend the complaint to include a claim of common-law access to public records.  Although a plaintiff's right to amend a complaint "once as of course" pursuant to Fed. R. Civ. P. 15(a) is "terminated by a judgment of dismissal," Cassell v. Michaux, 240 F.2d 406, 407-08 (D.C. Cir. 1956), the district court may nevertheless allow post-dismissal amendment of a complaint in response to the plaintiff's motion to reopen the judgment pursuant to Rules 59 or 60, see id. at 408.  And although the district court is not required to provide the plaintiff notice and an opportunity to amend his complaint prior to dismissal when it is "patently obvious" from the face of the complaint that the plaintiff cannot prevail, see Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam), "the filing of responsive papers should be required and the normal course of litigation pursued" if the complaint "has at least an *arguable* basis in law or fact." Brandon v. District of Columbia, 734 F.2d 56, 59 (D.C. Cir. 1984) (emphasis in original).  See also Anyanwutaku v. Moore, 151 F.3d 1053, 1058 (D.C. Cir. 1998)(district court abused discretion in denying Rule 59 motion to reconsider sua sponte dismissal, as it did not appear beyond doubt from face of complaint that plaintiff could prove no set of facts that would entitle him to relief).

A true copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5356**                                          **September Term, 2006**

Here, the record bears no indication of undue delay, bad faith, or undue prejudice to the opposing party. See Richardson v. U.S., 193 F.3d 545, 548-49 (D.C. Cir. 1999) ("[l]eave to amend a complaint shall be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility"). Nor is it obvious that allowing amendment of the complaint to include a claim of common-law right of access to public records would be futile, as the courts have long recognized a common-law right of access to public records that stands independently of the Freedom of Information Act. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). See also Washington Legal Foundation v. United States Sentencing Commission, 17 F.3d 1446, 1451-52 (D.C. Cir. 1994)(district court erred in concluding no common-law right of access existed without undertaking particularized examination of records). Accordingly, the case is remanded for further proceedings consistent with this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**