UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RUSSELL HILL,** | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 05-1567 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| **THE FEDERAL JUDICIAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS

Defendant respectfully moves this Court to dismiss this action because plaintiff *pro se* has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, plaintiff is not entitled to *in forma pauperis* status under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and should be required to pay the filing fee before being permitted to prosecute this case further.[1]

### STATEMENT OF FACTS

Plaintiff, Russell Hill, # L3506, presently confined at the Woodville County Correctional Center, Woodville, Mississippi, has brought this action seeking an order from the Court "directing the Federal Judicial Center to provide [him] with a complete 'Certified True Copy' of 'Study of Intercircuit Conflicts and Structural Alternatives For Courts of Appeals by Federal Judicial Center . . . .'" Amended Complaint at 7. Plaintiff commenced this action on August 3, 2005, see Docket Entry No. 1, and on that same day filed a motion for leave to proceed *in forma*

---

[1] By way of this motion, defendant submits that it has not waived any defense or defenses available under Fed. R. Civ. P. 12 or otherwise.

*pauperis*. See Docket Entry No. 2. However, Plaintiff has been a frequent litigator as an inmate, having filed approximately twenty federal cases listed in the U.S. Party/Case Index database filed in the last five years. More than three of those cases have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. This exceeds the three dismissals required to invoke the Prison Litigation Reform Act's ban on further use of the privilege of proceeding *in forma pauperis*. See 28 U.S.C. § 1915(g). Therefore, this action should be dismissed.

## ARGUMENT

In order to help reduce the number of meritless claims filed by inmates, Congress enacted the Prison Litigation Reform Act. 28 U.S.C. § 1915. See Blair-Bey v. Quick, 151 F.3d 1036, 1040 (D.C. Cir. 1998). Section 1915(g) of the act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Essentially, this section of the Act forbids a prisoner from bringing a new civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury."[2] See 28 U.S.C. § 1915(g).

---

[2] An inmate faces "imminent danger" when a "threat or prison condition is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler,

Butler v. Dep't of Justice, 492 F.3d 440, 442 (D.C. Cir. 2007); Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in Section 1915(g). However, regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal or "three strikes" rule of 28 U.S.C. § 1915(g).

In addition, if a "court dismisses a claim for failure to exhaust administrative remedies on a Rule 12(b)(6) motion, or . . . dismisses the complaint *sua sponte* and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike [under the statute]." Thompson v. Drug Enforcement Admin,, 492 F.3d 428, 438 (D.C. Cir. 2007). Dismissals for lack of jurisdiction also count as strikes if "the court expressly states that the action or appeal was frivolous." Id. at 440. Appellate affirmances count as strikes if "the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim [upon which relief can be granted]." Id. Moreover, whether or not the action was dismissed because it was frivolous, malicious or failed to state a claim, a court can "examine the number, content, frequency, and disposition of [the prisoner's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history[,]" and exercise its discretion to deny a prisoner *in forma pauperis* privileges. Id. at 439 (citing Butler, 492 F.3d at 446). See In re Demos, 500 U.S. 16, 16-17 (1991)(petitioner denied *in forma pauperis* status when seeking extraordinary writ because

---

185 F.3d 1189, 1193 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998).

thirty-two filings over three years were an abuse of the privilege).

While incarcerated, Plaintiff has, on three or more prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief can be granted. In fact, in Hill v. Epps, Comm'r Miss. Dep't of Corrections, et al., No. 05-60016 (5th Cir. Feb. 23, 2006), plaintiff accumulated his third "strike." See Exhibit A.

In that matter, on November 1, 2004, Plaintiff filed a complaint seeking relief under 42 U.S.C. § 1983. On that date, he also filed a motion to proceed *in forma pauperis*. The District Court determined that Plaintiff provided no evidence of exhaustion of administrative remedies, and denied Plaintiff's leave to proceed *in forma pauperis*. See Exhibit B (Hill v. Epps, Civil Action No. 04-332 (N.D. Miss. Nov. 16, 2004). Plaintiff appealed. The Court of Appeals denied Plaintiff's *in forma pauperis* motion, and dismissed his appeal as frivolous. The Court stated:

> [p]rior to this proceeding, Hill had two strikes for purposes of the three-strikes provision of 28 U.S.C. § 1915(g). See Hill v. Schwartz, No. 03-60593 (5th Cir. April 19, 2004)(affirming the district court's dismissal for failure to state a claim of Hill's § 1983 lawsuit)(unpublished); Hill v. Mississippi Board of Certified Court Reporters, No. 04-61077 (5th Cir. April 1. 2005)(affirming the district court's dismissal of Hill's § 1983 lawsuit for failure to state a claim and issuing sanctions warning) (unpublished). . . This dismissal of the instant appeal counts as Hill's third strike. Because Hill has now accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

Hill v. Epps, No. 05-60016 at *3 (internal citations omitted). Because the Fifth Circuit Court of Appeals has determined that Plaintiff has accumulated three strikes, Plaintiff is precluded from

bringing the instant *in forma pauperis* action.[3]

Moreover, Plaintiff has filed the following additional cases which have been dismissed as frivolous or for failure to state a claim upon which relief can be granted, making it more than clear that the instant *in forma pauperis* action should be barred.

- Hill v. Epps, et al., Civil Action No. 06-185 (N.D. Miss. Mar. 20, 2007). Plaintiff's claim was dismissed for failure to state a claim upon which relief can be granted. The Court stated that the dismissal counted as a strike. See Exhibit C.

- Hill v. Higgins, Jr., et al., Civil Action No. 05-2356 (D.D.C. Nov. 29, 2005). Plaintiff's claim was dismissed for failure to state a claim upon which relief can be granted. See Exhibit D.

- Hill v. Sephton, Civil Action No. 04-580 (S.D. Miss. Sept. 29, 2005). Plaintiff's claim was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). See Exhibit E.

- Hill et al. v. Barbour, et al., Civil Action No. 04-573 (S.D. Miss. May 19, 2005). Plaintiff's motion for leave to file *in forma pauperis* was denied based upon his "three strikes" pursuant to 28 U.S.C. § 1915(g). See Exhibit F.

- Hill v. Moore, et al., Civil Action No. 03-492 (S.D. Miss. Mar. 31, 2004). Plaintiff's writ of *habeus corpus* action was dismissed for failure to exhaust administrative remedies. See Exhibit G.

---

[3]Plaintiff barred by the three-strikes provision of 28 U.S.C. § 1915(g) may pay the required filing fee and prosecute the case further. See Ibrahim, 208 F.3d at 1037. If he fails to pay the filing fee his suit should be dismissed. See Smith v. District of Columbia, 182 F.3d 25, 30 (D.C. Cir. 1999).

- <u>Hill v. Kelly, et al.</u>, Civil Action No. 03-248 (S.D. Miss. May 13, 2003). Plaintiff's writ of *habeus corpus* action was dismissed for failure to exhaust. <u>See</u> Exhibit H.

- <u>Hill v. Breazeale, et al.</u>, Civil Action No. 02-30 (S.D. Miss. April 17, 2002). Plaintiff's claim was dismissed with prejudice. The court stated that the dismissal counted as a "strike." <u>See</u> Exhibit I.[4]

---

[4]Plaintiff also has filed the following *in forma pauperis* lawsuits which were dismissed with prejudice: <u>Hill v. Barbour, et al.</u>, Civil Action No. 05-18 (S.D. Miss. Mar. 14, 2005), which was dismissed for lack of jurisdiction, <u>see</u> Exhibit J, and <u>Hill v. John Does</u>, Civil Action No. 04-240 (S.D. Miss. May 6, 2004). <u>See</u> Exhibit K.

Moreover, Plaintiff filed the following *in forma pauperis* lawsuits which were dismissed without prejudice:
- <u>Hill v. Biggers, et al.</u>, Civil Action No. 07-233 (S.D. Miss. Aug. 14, 2007). The District Court denied Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Plaintiff was granted thirty days to pay the requisite filing fee. Plaintiff failed to do so and his complaint was dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). <u>See</u> Exhibit L.
- <u>Johnson and Hill v. Epps</u>, Civil Action No. 05-03 (N.D. Miss. October 6, 2006). Plaintiff Hill's case was dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). <u>See</u> Exhibit M.
- <u>Hill v. Pickering et al.</u>, Civil Action No. 04-346 (S.D. Miss. Dec. 16, 2005). Plaintiff's complaint was dismissed without prejudice for failure to prosecute, pursuant to under Fed. R. Civ. P. 41(b). <u>See</u> Exhibit N.
- <u>Hill v. Breazeale, et al.</u>, Civil Action No. 03-123 (S.D. Miss. June 13, 2005). Plaintiff's *in forma pauperis* status was revoked after the District Court discovered Plaintiff had accumulated three strikes. The case was dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). <u>See</u> Exhibit O.
- <u>Hill v. City of Purvis, Mississippi, et al.</u>, Civil Action No. 02-827 (S.D. Miss. June 13, 2005). Plaintiff's *in forma pauperis* status was revoked after the District Court discovered Plaintiff had accumulated three strikes. The case was dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). <u>See</u> Exhibit P.
- <u>Hill v. Marion/Walthall County Correctional Facility, et al.</u>, Civil Action No. 02-384 (S.D. Miss. June 13, 2005). Plaintiff's *in forma pauperis* status was revoked after the District Court discovered Plaintiff had accumulated three strikes. The case was dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). <u>See</u> Exhibit Q.

It is abundantly clear that Plaintiff has on three or more occasions, while incarcerated, brought civil actions which were dismissed as frivolous or for failure to state a claim upon which relief can be granted.  Plaintiff failed to allege that he is in imminent danger of serious physical injury, "nor could he reasonably make such a claim, [because] the [instant] complaint has nothing to do with the conditions of his confinement."  Johnson v. Dep't of Veterans Affairs, et al., No. 07-818, 2007 U.S. Dist. LEXIS 63423, at *2 (D.D.C. August 29, 2007)(citing Ibrahim, 463 F.3d at 6 ("In determining whether [a plaintiff] qualifies [under the imminent danger exception], we look to the complaint. . . .").  Therefore, Plaintiff is forbidden from bringing this *in forma pauperis* action, and it must be dismissed.  See Johnson, 2007 U.S. Dist. LEXIS 63423 at *1-2 (plaintiff barred from proceeding *in forma pauperis*, and complaint dismissed where he had accumulated four strikes under 28 U.S.C. § 1915(g)).

## CONCLUSION

Because plaintiff has filed three or more suits that were dismissed as frivolous or for failure to state a claim, the Court should revoke his *in forma pauperis* status, and dismiss this action.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.- Civil Division
Washington, D.C. 20530
(202) 514-6531

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, on this 20th day of November 2007, I caused service of the foregoing to be made by mailing a copy thereof to:

Russell Hill
No. L3506
CCH/Wilkinson County Correctional Facility
2999 U.S. Highway 61, North
Woodville, MS 39669

                                /s/
                               MARIAN L. BORUM
                               Assistant United States Attorney