# Russell Hill v. The Federal Judicial Center

# Civil Action No. 05-1567 (JDB)

# Exhibit D

FILED

DEC 0 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RUSSELL K. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 2356 |
| ) | |
| CLAYTON R. HIGGINS, JR.,*et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon review of Plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted, but the complaint will be dismissed for the following reasons.

Plaintiff complains that employees of the Office of the Clerk of the United States Supreme Court had subjected him and other *pro se* prisoners to a heightened pleading requirement. As a result, plaintiff is being denied access to the Supreme Court.

This Court lacks the power to review any decision of the Clerk of the Supreme Court. *Marin v. Suter*, 956 F.2d 339, 340 (D.C. Cir.), *cert. denied*, 506 U.S. 844 (1992). "[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). Moreover, officials performing judicial functions have absolute immunity from civil liability based on their judicial actions. *Mireles v. Waco*, 502 U.S. 9 (1992); *Forrester v. White*, 484 U.S. 219, 228-29 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, plaintiff has failed to state a claim upon

which relief can be granted.

    An appropriate order accompanies this Memorandum Opinion

_____<br>United States District Judge

DATE: 11/29/05