# Russell Hill v. The Federal Judicial Center

# Civil Action No. 05-1567 (JDB)

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUSSELL K. HILL                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:04cv580-HTW-JCS

BETTY W. SEPHTON                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate, brought this action pursuant to 28 U.S.C. § 1983 alleging that Defendant, the Clerk of the Mississippi Supreme Court, violated his rights in the manner in which she handled a document filed by him in his criminal appeals. Having considered the motion and Plaintiff's response, the court concludes that the motion should be granted and this action should be dismissed as frivolous.

Plaintiff alleges that on April 12, 2004, during the pendency of the appeals of his two criminal cases, he forwarded to Defendant a document entitled "Request for Production of Documents," by which he sought copies of the state's briefs filed in the appeals. Rather than handling Plaintiff's document as a motion, Defendant responded with a letter stating that her office did not provide free copies of briefs. He claims that his constitutional rights were violated by the Clerk's handling of his request, and, specifically, that because of Defendant's actions, he was unable to file a rebuttal brief.

The court concludes that Plaintiff has failed to allege a constitutional violation. He admits in his response to the present motion that his attorneys of record in his appeals were served with copies of the state's briefs. Moreover, he has completely failed to allege how he was injured; he does not even claim that the outcome of his appeals would have

been different had he received copies of the briefs. For this reason, his claim fails as a matter of law. See Lewis v. Casey, 116 S.Ct. 2174, 2180-81 (1996) (plaintiff alleging violation of his access to the courts must prove an "actual injury").

For these reasons, the motion is granted and Plaintiff's claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 29th day of September, 2005.

/s/ James C. Sumner
_____
UNITED STATES MAGISTRATE JUDGE