# Russell Hill v. The Federal Judicial Center

# Civil Action No. 05-1567 (JDB)

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RUSSELL K. HILL, #L3506**                                      **PLAINTIFF**

versus                              CIVIL ACTION NO. 3:04cv573TSL-AGN

**HALEY BARBOUR, et al.**                                        **DEFENDANTS**

### ORDER DENYING *IN FORMA PAUPERIS* STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE

There came on for consideration of the court in the captioned cause the plaintiff's application to proceed *in forma pauperis* (i.f.p.) in this civil action. The court finds that plaintiff's application includes statements of his assets, of his inability to prepay fees, of the nature of the action, and of his belief that he is entitled to redress.

It has come to the attention of the court that Plaintiff has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, for the reasons stated below, Plaintiff's *in forma pauperis* application should be denied pursuant to 28 U.S.C. § 1915(g).

### DISCUSSION

The Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA"), modified the requirements for proceeding *in forma pauperis* in federal courts. Pursuant to the PLRA, a prisoner's privilege to proceed i.f.p. is revoked if they

have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else. Id. at 386-87.

Hill has, on not less than three occasions, "brought an action or

---

[1] In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Therefore, denial of the plaintiff's i.f.p. privilege is appropriate. Id. at 387.

IT IS THEREFORE ORDERED AND ADJUDGED, that plaintiff's motion to proceed in forma pauperis in this cause is denied pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED AND ADJUDGED, that plaintiff is granted thirty (30) days from the date of this order, to pay to the Clerk of Court the requisite filing fee of $150.00.

**Failure to pay the filing fee in a timely manner will result in the dismissal of this case for want of prosecution under** FED. R. CIV. P. 41(b).

**SO ORDERED AND ADJUDGED,** this the ___19th___ day of May, 2005.

                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE

---

[2] In Hill v. Board of Certified Court Reporters, et al., No. 3:04cv596WSu (S.D. Miss. Oct. 28, 2004), affirmed No. 04-61077 (5th Cir. Apr. 1, 2005), plaintiff's cause was dismissed pursuant to 28 U.S.C. § 1915(d).
   In Hill v. Marvin Breazeale, et al., No. 2:02cv30PG (S.D. Miss. Apr. 17, 2002), plaintiff's cause was dismissed pursuant to 28 U.S.C. § 1915(d).
   In Hill v. Lamar County Public Defenders Office, et al., No. 2:02cv734PG (S.D. Miss. Apr. 9, 2003), affirmed No. 03-60593 (5th Cir. Apr. 19, 2004), plaintiff's cause was dismissed pursuant to 28 U.S.C. § 1915(d).

3