# Russell Hill v. The Federal Judicial Center

## Civil Action No. 05-1567 (JDB)

## Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUSSELL K. HILL                                                   PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 3:05cv18-HTW-JCS

HALEY BARBOUR, Governor of Mississippi
and JIM HOOD, Attorney General for the State of Mississippi           DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff Hill, an inmate currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 requesting monetary damages, declaratory and injunctive relief. The named defendants are Haley Barbour, Governor of Mississippi; and Jim Hood, Attorney General for the State of Mississippi.

According to Exhibit "A" to the plaintiff's complaint, he was convicted of armed robbery and was sentenced to a term of 30-years in the custody of the Mississippi Department of Corrections with five years suspended, pending successful completion of a five-year period of post-release supervision. He was also convicted of burglary of an inhabited dwelling and was sentenced to a term of 25 years in the custody of the Mississippi Department of Corrections with ten years suspended and 15 years to serve. These sentences were to run consecutively. The plaintiff appealed each of the criminal convictions. The Mississippi Court of Appeals then consolidated the cases for appellate purposes.

Plaintiff complains about the action of the Mississippi Court of Appeals consolidating his appeals. He also complains that since the Mississippi Court of Appeals found that his appeal was

without merit that they should have recognized that he had ineffective assistance of counsel. Because of the ineffective assistance of counsel, the plaintiff contends that he was deprived of a fair appeal. The plaintiff further argues that this action or lack of action of the Mississippi Court of Appeals has violated his constitutional rights and denied him equal protection of the law. He further asserts that defendant Barbour and defendant Hood "are responsible for safeguarding the constitutional rights of appellants and control of prompt, fair, effective administration of justice on appeal . . ." and they have breached their duties. (Complaint p.13).

## Analysis

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir.2001). This Court may sua sponte raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." MCG. Inc. v. Great W. Energy Corp., 896 F.2d 170. 173 (5th Cir.1990)(See also Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir.1999)). Although the Court certainly has jurisdiction over § 1983 claims. "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." See Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986).

As the United States Court of Appeals for the Fifth Circuit has explained, "[t]he Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir.

2000)(citing Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.1994))(citations omitted).[1] "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." Weekly, 204 F.3d at 615. "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those in which the constitutional claims presented ... are inextricably intertwined with the state court's grant or denial of relief." Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986). Regardless of how the plaintiff couches his claim, he is requesting this Court review the decision of the Mississippi Court of Appeals that dismissed his appeal. This Court simply does not have jurisdiction to entertain the plaintiff's cause of action and to grant the requested relief in this action.

## Conclusion

As discussed above, this Court does not have jurisdiction to review, modify, or nullify final orders of state courts. Consequently, plaintiff's cause of action will be dismissed for this Court's lack of jurisdiction.

A final judgment in accordance with this memorandum opinion will be entered.

**SO ORDERED AND ADJUDGED, this the 14th day of March, 2005.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Referencing Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).