# Russell Hill v. The Federal Judicial Center

# Civil Action No. 05-1567 (JDB)

# Exhibit N

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RUSSELL K. HILL, #L3506**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 2:04cv346KS-RHW**

**CHARLES W. PICKERING, SR.**  **DEFENDANT**

## OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order was entered on November 1, 2005, denying the prisoner plaintiff's "motion to show cause" regarding the revocation of his in forma pauperis (IFP) status pursuant to 28 U.S.C. § 1915(g).[1] This order directed the plaintiff to pay the full filing fee of $150.00, within fifteen days.[2] The plaintiff was warned that if he did not pay the filing fee within fifteen days this case would be dismissed without further written notice to the plaintiff.

The plaintiff has failed to comply with the court's orders of June 6, 2005, and November 1, 2005. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] Plaintiff filed this action before the filing fee increased to $250.00.

that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

In conclusion, the plaintiff has failed to comply with two court's orders. This case will be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 15th day of December, 2005.

                                        *s/ Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RUSSELL K. HILL, #L3506                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:04cv346KS-RHW

CHARLES W. PICKERING, SR.                                            DEFENDANT

## FINAL JUDGMENT

This cause is before the court, sua sponte, for consideration of dismissal. Pursuant to the opinion and order issued this day, it is hereby, ORDERED AND ADJUDGED that this cause be dismissed without prejudice.

SO ORDERED AND ADJUDGED, this the  15th  day of December, 2005.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE