# Russell Hill v. The Federal Judicial Center

# Civil Action No. 05-1567 (JDB)

# Exhibit Q

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RUSSELL KEITH HILL                                                    PLAINTIFF

VERSUS
                                        CIVIL ACTION NO. 2:02cv384-KS-RHW

ROBERT MINGO and
MARVIN E. BREAZEALE                                                  DEFENDANTS

## ORDER REVOKING IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE

Before the Court is the plaintiff's civil rights complaint filed under 42 U.S.C. § 1983.

Hill, a *pro se* prisoner was previously granted *in forma pauperis* status in this case pursuant to 28

U.S.C. § 1915. It has come to the attention of the Court that while incarcerated, plaintiff has, on

not less than three occasions, brought a civil action or appeal under § 1915 which has been

dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be

granted. Thus, for the reasons stated below, plaintiff's *in forma pauperis* status should be

revoked pursuant to 28 U.S.C. § 1915(g).

On April 26, 1996 the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110

Stat. 1321 (1996) became law. The PLRA modifies the requirements for proceeding *in forma*

*pauperis* in federal courts. Among other things, a prisoner's privilege to proceed *in forma*

*pauperis* is revoked if he has, on three prior occasions during detention, had an action or appeal

dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g).[1] The

Court must consider all actions which were dismissed as frivolous, malicious or which failed to

---

[1]"In no event shall a prisoner bring a civil action or appeal a judgmetn in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons,* 103 F. 3d 383, 386 (5th Cir. 1996) (counting as a "strike" a district court's dismissal, prior to enactment of the PRLA, of a frivolous § 1983 claim).

Hill has, on not less than three occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted.[2] Therefore, revocation of the plaintiff's *in forma pauperis* privilege is appropriate. *Id.,* at 387. It is therefore,

**ORDERED AND ADJUDGED** that plaintiff's *in forma pauperis* status is revoked pursuant to 28 U.S.C. § 1915(g). It is further,

**ORDERED AND ADJUDGED** that plaintiff has thirty (30) days from the date of this order to pay the Clerk of Court the required $150 filing fee. **Plaintiff is warned that failure to pay the filing fee will result in an order of dismissal for want of prosecution under Fed. R. Civ. P. 41(b).**

Plaintiff is warned that failure to fully comply with any order of this Court in a timely manner will be deemed as a purposeful delay and contumacious act by the plaintiff and will result in this cause being dismissed without prejudice and without further notice to the plaintiff.

**SO ORDERED AND ADJUDGED,** this the 13th day of June 2005.

UNITED STATES DISTRICT JUDGE

---

[2]See, *Hill v. Board of Certified Court Reporters, et al.,* No. 3:04cv596WSu (S.D. Miss. October 28, 2004), affirmed No. 04-61077 (5th Cir. Apr. 1, 2005), dismissed pursuant to 28 U.S.C. § 1915(d); *Hill v. Marvin Breazeale, et al.,* No. 2:02cv30PG (S.D. Miss. Apr. 17, 2002), dismissed pursuant to 28 U.S.C. § 1915(d); and *Hill v. Lamar County Public Defenders Office, et al.,* N. 2:02cv734PG (S.D. Miss. Apr. 9, 2003), affirmed No. 03-60593 (5th Cir. Apr. 19, 2004), dismissed pursuant to 28 U.S.C. § 1915(d).

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

RUSSELL K. HILL, #L3506                                                     PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 2:02cv384KS-RHW

ROBERT MINGO, et al.                                                        DEFENDANTS

<u>OPINION AND ORDER</u>

Upon further consideration of the records in this action, the court finds that an order was

entered on November 1, 2005, denying the prisoner plaintiff's motions to reconsider the

revocation of his <u>in forma pauperis</u> (IFP) status pursuant to 28 U.S.C. § 1915(g).[1] This order

directed the plaintiff to pay the full filing fee of $150.00, within fifteen days.[2] The plaintiff was

warned that if he did not pay the filing fee within fifteen days this case would be dismissed

without further written notice to the plaintiff.

The plaintiff has failed to comply with the court's orders of June 13, 2005, and November

1, 2005. This court has the authority to dismiss an action for the plaintiff's failure to prosecute

under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to

dismiss the action <u>sua sponte</u>. <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough</u>

<u>v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases

---

[1]    "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
or proceeding under this section if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility brought an action or appeal in a court of the United States
that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon
which relief may be granted, unless the prisoner is under imminent danger of serious physical
injury."

[2]Plaintiff filed this action before the filing fee increased to $250.00.

that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

In conclusion, the plaintiff has failed to comply with two court's orders. This case will be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 15th day of December, 2005.

s/ Keith Starrett
UNITED STATES DISTRICT JUDGE

2