UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Russell Hill,<br><br>    Plaintiff,<br><br>        v.<br><br>The Federal Judicial Center,<br><br>    Defendant. | Civil Action No.  05-1567 (JDB) |

**ORDER**

Defendant moves to dismiss the case on the ground that plaintiff, a prisoner currently confined in Mississippi, is barred from proceeding *in forma pauperis* ("IFP") by the three-strike provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  Upon consideration of the supporting documentation and plaintiff's opposition, the Court finds that plaintiff is so barred.  It therefore will vacate the order granting plaintiff's leave to proceed IFP but will defer ruling on the motion to dismiss to allow time for plaintiff to pay the $350 filing fee applicable to civil actions.[1]

The applicable provision of the PLRA states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Defendant has sufficiently shown that plaintiff has met the foregoing

---

[1] *See Ibrahim v. District of Columbia*, 208 F.3d 1032, 1037 (D.C. Cir. 2000) (permitting appellants barred by the three-strike provision 30 days to pay the filing fee).

criteria.[2]  *See* Def.'s Mot. at 4 & Ex. A (Fifth Circuit acknowledging two strikes prior to this action); Def.'s Ex. F (Southern District of Mississippi finding plaintiff's accumulation of three strikes as of May 19, 2005).  And, the current complaint seeking judicial review of agency action does not trigger consideration under the imminent danger exception.  *See Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether [a plaintiff] qualifies [under the imminent danger exception], we look to the complaint. . . .") (citation omitted).  Accordingly, it is

**ORDERED** that the Order granting plaintiff's motion for leave to proceed here *in forma pauperis* [Dkt. No. 5] is **VACATED**; and it is

**FURTHER ORDERED** that within 30 days of this Order, plaintiff shall pay to the Clerk of Court the filing fee of $350 to maintain this action or the Court will grant defendant's motion to dismiss pursuant to 28 U.S.C. § 1915(g).

|  |  |
|---|---|
| Dated: January 14, 2008 | s/<br>JOHN D. BATES<br>United States District Judge |

---

[2]  Because the statute limits the predicate dismissals to those entered on "3 or more *prior* occasions," the Court does not count as strikes those cases that were dismissed after plaintiff's filing of this action on August 3, 2005.  *See* Def.'s Mot. at 5 (listing cases).  Nor does the Court include dismissals of habeas corpus actions, Def.'s Exs. G, H, because the PLRA is inapplicable to habeas petitions.  *In re Smith*  114 F.3d 1247, 1250 (D.C. Cir. 1997).