UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**
FEB 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Russëll K. Hill
Plaintiff
v.
The Federal Judicial Center
Defendant

Civil Action No. 05-1567

# MOTION FOR RECONSIDERATION

The "Plaintiff", Russëll K. Hill, files this "Motion for Reconsideration in response to order vacating Plaintiff's _In Forma Pauperis_ status, which was Recieved and signed for by Plaintiff on 1/23/08.

The District Court dismissal relied upon in _Def's Ex. F_ is moot due to openended issues pertaining to _Hill v. Marvin Breazeale, et. al., No. 3:02 cv 30 PG_, see _Exhibit "A1"_ and the District Court of Columbia is barred by Res judicata, collatteral estoppel, and judicial estoppel from revoking Hill's grant of _In Forma Pauperis_ "I.F.P." herein, due to a recent decision in the District of Columbia Appellate Court filed on 11/23/07 granting I.F.P. after considerations of the openended exception asserted by Plaintiff and many other factors or exponents thoroughly considered by the Appellate Court

1 of 2

in the memorandum of law and fact in support of writ of Mandamus, section entitled "Reason for Granting I.F.P." see Exhibit "B1" Hill v. Biggers, No. 07-7084 D.C. Crt. Appeals

Clearly, the Fifth Circuit acknowledged the exception in Def's Ex. A when it excluded the strike provision of case 30 PG from its three strike provision nearly a year later; and the retroactive applicability of the D.C. Appellate Court decision doubly serves to moot the naugatory strike issued in 30 PG. The 5th Circuit impliedly excluded the strike issued in 30 PG by its specific[c] enumeration of the other two (2) strikes (see Def's Ex. A) utilized in May 19, 2005 dismissal (see Def. Ex. F), thus, the principle of expressio unius est exclusio alterius and the openended proceedings firmly support an admission or is tataumount of an admission of error on behalf of the 5th Circuit as it pertains to the strike issued in 30 PG; thereby serving to negate the strike issued in 30 PG for purposes herein.

Hill asserts proper standing for reinstatement of I.F.P. grant and by distinguished authority and equitable standards of pleading as the district court so bodly announced it's intentions to summarily dismiss or grant defendant's motion to dismiss within 30 days, so likewise anounce to defendants Hill's Right so established by the distinguished authority promulgated by the district court to grant Plaintiff's motion for default, and award of attorney fees, and daily fines payable to Plaintiff for [every] day of non-compliance on behalf of defendants.

Hill asserts equitable Right to expeditious administration of the Business of the Courts within 30 days as allotted by distinguished authority of court order Dated 1/14/08. Date 2/1/08   Respectfully Submitted
                                                                                          /s/ Russell R. Hill

2 of 2

TO: J. T. Noblin, Clerk
U.S. District Court, Southern District
245 E. Capitol St., Suite 316
Jackson, Ms., 39201


Exhibit "A1"
2 Pages

September 30, 2005

From: Russell Hill # L3506
CCA/WCCF
2999 U.S. Hwy 61, North
Woodville, Ms. 39669


RECEIVED
SEP 28 2005
Clerk, U.S. District Court
Southern District of Miss.

Re: Official Grievance Against Unknown Deputy Clerks

Dear Sir,

I am aggrieved that on 9/7/05 I forwarded a "Request for Out of Time Appeal" (see Exhibit "A"), a copy of cover page of same and a self-addressed stamped envelope for acknowledgment of filings, to the U.S. District Court (Hattiesburg Division) and the clerk of the court has failed to acknowledge filings as of date.

There are several occassions in which the clerks of the court have been deliberately indifferent to my needs as a pro-se prisoner litigant. For instance (see Exhibit "B"), a 42 U.S.C. §1983 claim forwarded to the U.S. District Court in October 2004, by evident

proof, disappeared and had to be resubmitted, thus prejudice is presumed. Also, in Civil Action No. 3:04cv340BN the District Court alleges that copies of Memorandum Opinion and Order and Final Judgment were mailed to myself on May 6, 2004.

However, the Inmate Legal Mail log here at Wilkinson County Correctional Facility reflects the mailing of the complaint to the district court in October, 2004, but fails to reflect incoming correspondence from the district court from May 6, 2004 – May 16, 2004. It is my belief that several deputy clerks have discriminated against myself as overt acts, in an overall conspiracy to cover-up the falsifying of indictments in the 15th Judicial Court District of Mississippi and the failure to acknowledge Reciept of the "Request for Out of Time Appeal" in civil action No. 2:02-cv-30PG, is an overt act in furtherance of a conspiracy with U.S. District Court Judges under color of law to deprive myself of the Right to proceed In Forma Pauperis in the Federal Courts, which has resulted in prejudice, even, as the failure to forward a copy of opinion, order, and final judgment in action No. 3:04cv340BN resulted in prejudice, because I was denied the Right to appeal, as of Right F.R.A.P. 3, as well as, denied the effects of that appeal. Thus, I would as the clerk to forward myself a stamped filed copy of the documents in question and a memo issued to ensure no further deliberate indifference occurs, and a copy of such memo forwarded to myself. I declare or affirm under penalty of perjury the foregoing is true and correct.

Date  9/20/05   x _____
                      complainant

Sworn and Subscribed before me this 20 day of September, 2005
My Commission Expires: _____

_____
MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JAN 30, 2009

Augusta Andrews

"A1" p.2

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-7084**　　　　　　　　　　　　　September Term, 2007

07cv00271

Filed On:

Russell Hill,
　　　Appellant

v.

Neal B. Biggers, In his individual and administration capacity as Senior Judge of the United States District Court for the Northern District of Mississippi, et al.,
　　　Appellees



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  NOV 2 3 2007

CLERK

**BEFORE:**　Sentelle, Randolph, and Brown, Circuit Judges

## ORDER

Upon consideration of the notice of appeal, which the court has construed as a petition for writ of mandamus, and the memorandum of law and fact in support thereof; the motion for leave to proceed in forma pauperis; the motion for expedition; and the motion for preliminary injunctive relief, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted. It is

**FURTHER ORDERED** that the petition for writ of mandamus be denied. The petition was filed after the papers filed in district court were sent to the United States District Court for the Southern District of Mississippi, and no electronic version of the pleadings is available. The physical transfer of the original papers to another permissible forum deprives this court of jurisdiction to review the transfer. See <u>Starnes v. McGuire</u>, 512 F.2d 918, 924 (D.C. Cir. 1974). It is

**FURTHER ORDERED** that the motion for expedition and the motion for preliminary injunctive relief be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**Per Curiam**

"Exhibit 81"

# CERTIFICATE OF SERVICE

This is to certify that I, the undersigned, have this day and date mailed, via United States Mail, postage pre-paid, a true and correct copy of the foregoing and attached instruments to the following:

Marian L. Borum
U.S. Attorneys Office
555 Fourth Street, NW
Rm 451
Washington, D.C. 20530

This the 1st day of February, 2008.

_____
PETITIONER Russell K. Hill
MDOC# L3506

P.O. Box 1049
Address

Woodville, MS 39669
Address

# AFFIDAVIT #1
## U.S.D.C., Dist. Col. No. 05-1567

I, Russell K. Hill, as the undersigned affiant do hereby declare that on 1/23/07 I recieved and signed for district court order document #29 in this cause, thereafter, on 2/1/08 I placed a "Motion for Reconsideration" in the "Prison Mailbox" at Wilkinson Correctional Facility.

Date 2/1/08

28 U.S.C. §1746

x Russell K. Hill

# MEMORANDUM

**To:** <u>All Offenders</u>

**From:** Inmate Legal Assistance Program

**Date:** January 18, 2008

**Re:** Legal Supplies/ ILAP Services

---

The ILAP office will contain, at **a minimum, pens, pencils, envelopes, and paper**. These items will be furnished on an <u>**as-needed basis**</u> for offenders after verification of indigence.

<u>**Envelopes**</u> will be issued only <u>**after**</u> an offender has completed a case-related document and is ready for immediate mailing to a verified attorney or court.

<u>**Unaddressed ILAP envelopes**</u> will be confiscated as contraband.

<u>**Offenders will be required to pay their own postage if they have sufficient funds**</u>.

Offenders who have exhausted their funds will have to **<u>provide proof</u>** that the mail is specific to pending litigation. Proof will consist of providing documents to the ILAP staff who will review for court docket numbers, "plaintiff versus," and court or Attorney General's request for specific documents.

If an offender **<u>fails</u>** to provide adequate documentation and/or refuses to provide the proposed mailing staff review, staff will terminate processing the letter.

Copies are made only **<u>after</u>** said copies have been signed and readied fro transmittal to the courts. Documents are copied **<u>only</u>** at the time it is ready to be mailed.

Any mail marked as <u>**legal mail that does not bear an ILAP stamp**</u> will be returned to the offender to comply with MDOC policy and procedure. Mail must be sealed in the presence of the ILAP Clerk or Case Manager.

*If you have further concerns or require additional information, please reference <u>MDOC Policy 20-02 "ACCESS TO LEGAL MATERIALS"</u>

Exhibit "C1"
3 Pages

Case 1:05-cv-01567-JDB   Document 30   Filed 02/11/2008   Page 9 of 12

| TITLE: ACCESS TO LEGAL MATERIALS | | SOP NUMBER 20-02-01 |
|---|---|---|
| EFFECTIVE DATE: 09-01-2006 | NON-RESTRICTED | Page 5 of 7 |

178  Prohibitions

180  MDOC staff members will not assist offenders in the preparation of pleadings, letters, or other
181  legal documents, except upon written authorization from the Commissioner or designee.

183  No offender will request payment or pay for any services obtained from any MDOC ILAP office.

185  No offender will act as a writ-writer or provide legal advice through the ILAP office or law
186  libraries.

188  Any legal assistance provided by an offender for any form of compensation is prohibited and will
189  result in disciplinary action for both involved offenders.

191  Absolutely no mail other than that specifically authorized herein will be sent between Mississippi
192  Department of Corrections facilities addressed as legal correspondence or legal mail.

194  Radios, tape recorders, magazines, pictures, and other non case-related materials will not be
195  permitted in an ILAP office.

197  Personal literature or materials, other than those related to the actual legal work of the offender,
198  will not be permitted in an ILAP office.

200  Photocopying

202  The ILAP Director or designee will approve all photocopies.

204  Only ILAP will make copies and only after said copies have been signed and readied for
205  transmittal to the courts.

207  The ILAP Director or designee will inspect offender documents to ensure they are legal
208  documents specific to the offender's sentence, a constitutional violation, and/or as required by a
209  court to answer actions filed against the offender.

211  All attachments to a document must be listed in the document as an exhibit in order to be
212  copied.

214  In addition to the pleading, only those documents listed in pleadings as exhibits will be
215  photocopied.

217  A document will be copied only at the time it is ready to be mailed.

219  Entire books, statutes, cases, constitutions and court transcripts over three (3) volumes will not
220  be copied under any circumstances.

222  No copies of Request for Administrative Remedy or "appeals there from" or Rule Violation
223  Reports and/or related documents will be copied unless listed as exhibits in an accompanying
224  litigation.

20-02-01 (d)
Forms (4)

"C 1" -pg 2

| TITLE: ACCESS TO LEGAL MATERIALS | | SOP NUMBER |
|---|---|---|
| | | 20-02-01 |
| EFFECTIVE DATE: 09-01-2006 | NON-RESTRICTED | Page 6 of 7 |

225  Under no circumstances will diplomas, marriage licenses, certificates, discharge papers, or any
226  similar documents be copied.
227
228  Letters, other than to an attorney, pertaining to legal work will be copied at the discretion of the
229  ILAP director or designee.
230
231  Any deviations from these rules will be approved by the ILAP Director who may allow copies of
232  prohibited documents in specific instances provided they are deemed necessary, legitimate
233  exhibits to a presented pleading.
234
235  The number of copies provided will be determined by the number required by the court and at
236  the discretion of the ILAP director or designee.
237
238  In any situation, one additional copy other than the number required by the court will be allowed
239  to ensure that the offender has a copy.
240
241  <u>Outgoing Mail</u>
242
243  ILAP staff will verify the authenticity of legal correspondence as defined herein.
244
245  All legal or official mail from an offender will be mailed through the ILAP office. Legal or official
246  mail will be placed in an envelope and sealed in the presence of the verifying ILAP staff member
247  before mailing. Any mail marked as legal mail that does not bear an ILAP stamp will be
248  returned to the offender to comply with MDOC policy and procedure.
249
250  Absolutely no mail other than that specifically authorized herein will be sent between Mississippi
251  Department of Corrections facilities addressed as legal correspondence or legal mail.
252
253  A Superintendent's representative may inspect any mail item suspected of being fraudulently
254  labeled.
255
256  Offenders are responsible for their own legal papers and will be required to keep their own
257  copies. MDOC will not be responsible for inmates' legal work.
258
259  **DOCUMENTS REQUIRED:**
260
261  As required by this procedure and through the chain-of-command.

20-02-01 (d)
Forms (4)

"C1"-pg. 3

# AFFIDAVIT #2

Cause No. 05-1567

I, Russell K. Hill, as the undersigned affiant do hereby declare that on 2/1/08 I placed the appended "Motion for Reconsideration" and "AFFIDAVIT of Receipt and forwarding" in the "Prison Mail Box" at Wilkinson County Correctional Facility, which was Returned to me on 2/4/08 via Regular mail with the attached "unauthenticated documents. The Legal Mail was sealed with proper postage, containing a handwritten copy of the aforementioned pleadings and a self-addressed stamped envelope for acknowledgment of receipt. I am uncertain, but at this time I believe that M.D.O.C. officials are telling me that I cannot forward any legal mail until they have Reviewed the filings and their purpose. ¿ ____ ?

Date 2/5/08

28 U.S.C. § 1746

x Russell R. Hill

# AFFIDAVIT #3

Cause No. 05-1567

I, Russell K. Hill, as the undersigned affiant do hereby declare that on 2/5/08 I made several attempts to obtain a pass to the ILAP office to have my legal mail screened before mailing, but was told that I could not go until my Law Library day. The appended "Motion for Reconsideration" is what I desired to have screened according to the guidelines of M.D.O.C. SOP's see Exhibit "C1", so that I could mail the motion. I had my own postage, but by all appearances I am restricted to mailing legal correspondence on the weekly Law Library call out, in the similitude of extraneous Super-Max Lockdown procedures, even though I am classified as NON-Restricted. Thus, I have placed the enclosed "Motion for Reconsideration", "AFFIDAVIT #1", "AFFIDAVIT #2", and this "AFFIDAVIT #3" in the "Prison Mail Box" here at Wilkinson County Correctional Facility on 6th day of February, 2008, and there is currently not a notary in the ILAP office and these documents are authenticated.

Date 2/6/08

Respectfully Submitted
28 U.S.C. § 1746

x /s/ Russell K. Hill