UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUSSELL HILL, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 05-1567 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| THE FEDERAL JUDICIAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO TREAT MOTION TO DISMISS AS CONCEDED
AND OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Defendant, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Local Civil Rule 7(b), to treat as conceded Defendant's Motion to Dismiss, filed in this case on November 20, 2007. Defendant also opposes Plaintiff's Motion to Reconsider the denial of his *in forma pauperis* status. See Docket Entry No. 30.

In its Motion to Dismiss, Defendant argued that Plaintiff was not entitled to *in forma pauperis* status under the Prison Litigation Reform Act, 28 U.S.C. § 1915, and should be required to pay the filing fee before being permitted to prosecute his case further. See Defendant's Motion to Dismiss, Docket Entry No. 26. On January 14, 2008, the Court issued an Order finding that the "plaintiff is so barred." Order of January 14, 2008, Docket Entry No. 29. The Court vacated the order which granted Plaintiff leave to proceed *in forma pauperis*. However, the Court deferred ruling on Defendant's Motion to Dismiss, permitting Plaintiff time to pay the $350 filing fee. See id. The Court indicated that Plaintiff would have within thirty (30) days from the January 14, 2008 Order, to pay the fee or Defendant's Motion to Dismiss

would be granted. Id. More than thirty (30) days have elapsed, and there is no indication on the Civil Docket Report that Plaintiff has paid the required filing fee. Therefore, Defendant's Motion to Dismiss should be granted.

Plaintiff moves for reconsideration of the Court's Order denying him *in forma pauperis* status arguing that the Court is "estopped from revoking [his] . . . in forma pauperis status . . . due to [the] recent decision [of Hill v. Biggers, No. 07-7084 (D.C. Cir. November 23, 2007), in which the Court of Appeals] . . . grant[ed such status]." Motion for Reconsideration at p. 1. In Hill v. Biggers, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, and denied his petition for writ of mandamus. See Plaintiff's Motion for Reconsideration, Exhibit B1.[1] However, the fact that the Court of Appeals granted Plaintiff's motion for leave to proceed *in forma pauperis* in that matter, does not preclude this Court from denying that status here.

The Prison Litigation Reform Act provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, the Act forbids a prisoner from bringing a new civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Butler v. Dep't of Justice, 492 F.3d 440, 442 (D.C. Cir. 2007); Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C.

---

[1] The case was transferred to the United States District Court for the Southern District of Mississippi. See id.

Cir. 2000).

Here, it is clear that Plaintiff has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  See, e.g., Defendant's Motion to Dismiss, Exhibits A, B, F, I; see also Hill v. Schwartz, No. 03-60593, 2004 WL 831242, *1 (5th Cir. April 19, 2004)(finding that "district court did not err in assessing . . . strike against Hill [where his] complaint was dismissed for failure to state a claim upon which relief may be granted . . . .")(unpublished); Hill v. Miss. Bd. of Certified Court Reporters, No. 04-61077, 2005 WL 746444, *1 (5th Cir. April 1. 2005)(affirming the district court's dismissal for failure to state a claim and indicating that dismissal counted as strike for purposes of 28 U.S.C. § 1915(g))(unpublished).  Therefore, Plaintiff properly was denied *in forma pauperis* status in the matter at hand.

In Plaintiff's Motion to Reconsider, he also argues that in Hill v. Epps, Civil Action No. 05-60016 (5th Cir. Feb. 23, 2006), the Court "impliedly excluded the strike issued in [Hill v. Barbour, Civil Action No. 04-573 (S.D. Miss. May 19, 2005),] by its specifi[c] (sic) enumeration of the other two (2) strikes . . . ."  Plaintiff's Motion to Reconsider at p. 2.  Therefore, Plaintiff contends that the strike issued in Hill v. Barbour should be excluded.  Plaintiff's argument is without merit.

In Hill v. Epps, the Court merely noted that Plaintiff had accumulated "two strikes for purposes of the three-strikes provision of 28 U.S.C. § 1915(g)." Hill, No. 05-60016 at *3.  The Court did not indicate that Plaintiff had not accumulated strikes in any other matters.  Moreover, assuming *arguendo* that Hill v. Epps should have been excluded, Plaintiff still has accumulated

more than three strikes under 28 U.S.C. § 1915(g), thereby precluding *in forma pauperis* status in this action.[2]

Because it is clear that Plaintiff properly was barred from proceeding *in forma pauperis* in this action, pursuant to 28 U.S.C. § 1915(g), Plaintiff's Motion for Reconsideration should be denied. In addition, because more than thirty (30) days have elapsed since the Court's Order of January 14, 2008 and Plaintiff has failed to pay the required filing fee, Defendant's Motion to Dismiss should be treated as conceded.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion for Reconsideration be denied. In addition, Defendant requests that the Court treat Defendant's Motion to Dismiss as conceded by the Plaintiff, and dismiss the Complaint.

---

[2]Plaintiff also argues that the dismissal in Hill v. Barbour "is moot due to open ended issues pertaining to Hill v. Marvin Breazeale, et al., No. 2:02cv30 PG . . . ." Plaintiff's Motion for Reconsideration at p. 1. Plaintiff cites his Exhibit A1 in support of his argument. Exhibit A1 is a letter entitled "Official Grievance Against Unknown Deputy Clerk." In this letter, Plaintiff alleges, *inter alia*, that he did not receive "copies of Memorandum Opinion and Order and Final Judgment" in Hill v. Barbour, and requests that the documents be mailed to him. See Plaintiff's Motion to Reconsider, Exhibit A1. Nowhere in this letter is there an indication that a Court has determined that there are outstanding issues in Hill v. Breazeale. See Defendant's Motion to Dismiss, Exhibit F.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney


        /s/
        RUDOLPH CONTRERAS, D.C. BAR #  434122
        Assistant United States Attorney


        /s/
        MARIAN L. BORUM, D.C. BAR # 435409
        Assistant United States Attorney
        United States Attorney's Office-Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-6531

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 21st day of February, 2008, a true and correct copy of the foregoing and Proposed Order were made by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Russell Hill
#L3506
CCA/WCCF
2999 U.S. Highway North
Woodville, MS 39669

      /s/
MARIAN L. BORUM
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL HILL**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**FEDERAL JUDICIAL CENTER**, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1567 (JDB) |

## ORDER

UPON CONSIDERATION of Defendant's Motion to Treat Motion to Dismiss as Conceded and Opposition to Plaintiff's Motion for Reconsideration, the merits thereof, and for good cause shown, it is this ____ day of _____, 2008

HEREBY ORDERED that Plaintiff's Motion for Reconsideration is denied; and

FURTHER ORDERED that Defendant's Motion to Treat Motion to Dismiss as Conceded is granted, and this case is dismissed with prejudice.

Date _____                    _____
                                            UNITED STATES DISTRICT JUDGE