UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Russell Hill,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**The Federal Judicial Center,**<br><br>    **Defendant.** | Civil Action No.  05-1567 (JDB) |

### ORDER

Plaintiff moves to reconsider the Order of January 14, 2008, vacating his *in forma pauperis* status pursuant to the three-strike provision of 28 U.S.C. § 1915(g) and directing his payment of the $350 filing fee within 30 days.  In opposing plaintiff's motion, defendant moved on February 21, 2008, to treat as conceded its previously filed motion to dismiss [Dkt. No. 26] based on § 1915(g) because "[m]ore than thirty [] days have elapsed, and there is no indication on the Civil Docket Report that Plaintiff has paid the required filing fee."  Def.'s Mot. [Dkt. 31] at 2.  Defendant fails to acknowledge, however, that plaintiff filed his motion to reconsider on February 11, 2008, before his payment was due, thereby tolling the time for his compliance with the January 14 Order.

Motions to reconsider are committed to the sound discretion of the trial court to grant or deny and "need not be granted unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations and internal quotation marks omitted).  In his motion to reconsider, plaintiff asserts

that this Court is estopped from applying the three-strike rule to him because the United States Court of Appeals for the District of Columbia Circuit has allowed him to proceed *in forma pauperis* in an unrelated appeal notwithstanding his accumulation of three strikes since May 2005. Pl.'s Mot. at 1, Ex. B1 (denying petition for writ of mandamus on review of a transfer order). Nothing in the appellate court's ruling provides a basis for this Court to ignore the clear language of § 1915, and plaintiff may not benefit merely because, unlike here, his litigation history was not brought to light during the appellate proceeding. Plaintiff also claims that in February 2006, the Fifth Circuit "impliedly excluded" as a strike a May 2005 decision from the Southern District of Mississippi, *see* Mot. at 2, but he has neither provided supporting documentation nor explained why he did not make this argument in his opposition filed on January 7, 2008. Accordingly, it is

    **ORDERED** that plaintiff's motion to reconsider [Dkt. No. 30] is **DENIED**; it is

    **FURTHER ORDERED** that defendant's motion to treat its motion to dismiss as conceded [Dkt. No. 31] is **DENIED**; and it is

    **FURTHER ORDERED** that within 30 days of this Order, plaintiff shall pay to the Clerk of Court the filing fee of $350 to maintain this action or the Court will grant defendant's motion to dismiss pursuant to 28 U.S.C. § 1915(g).



                                                      s/
                                        JOHN D. BATES
                               United States District Judge

Dated: February 27, 2008